IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

BLACK ANVIL OPERATING LLC,    )
          )
        **Plaintiff,**     )
          )
**v.**          )     No.  CV-21-467-R
          )
          )
**BENCHMARK ENERGY, LLC;**    )
**BE ANADARKO, LLC; and**    )
**SK NEMAHA, LLC,**    )
          )
        **Defendant.**    )

## <u>ORDER</u>

Before the Court is Defendants' Benchmark Energy, LLC ("Benchmark") and BE
Anadarko, LLC's ("Anadarko") motion for summary judgment, Doc. No. 16. Plaintiff
Black Anvil Operating LLC ("Black Anvil") did not respond to Defendants' motion. The
Court finds as follows.

In the Petition, Black Anvil alleges that it owns and operates a vertical well—the
Maly 32-1—in Garfield County, Oklahoma. Doc. No. 1-1 ¶ 7. While Black Anvil owned
and operated the Maly 32-1, it alleges Anadarko owned horizontal wells—the Betty 29
M2NH and the Betty 29 M3NH. *Id.* ¶ 8. When Defendant SK Nemaha fracked the Betty
wells, Black Anvil alleges the Maly 32-1 was damaged. *Id.* ¶¶ 9–10. In response, Black
Anvil filed suit in state court in Garfield County, Oklahoma, on April 14, 2021. Doc. No.
1-1. Defendants then removed the action to this Court on May 7, 2021. Doc. No. 1.

Benchmark and Anadarko then filed this motion for summary judgment, seeking judgment on each of the claims asserted against them. Doc. No. 16.

"The [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670–71 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). While the Court construes all facts and reasonable inferences in the light most favorable to the non-moving party, *Macon v. United Parcel Serv., Inc.*, 743 F.3d 708, 712–13 (10th Cir. 2014), "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Summary judgment is not proper *solely* because Black Anvil failed to respond. Rather, "[b]efore the burden shifts to the nonmoving party to demonstrate a genuine issue, the moving party must meet its "initial responsibility" of demonstrating that no genuine issue of material fact exists and that it is entitled to summary judgment as a matter of law." *Murray v. City of Tahlequah, Okl.*, 312 F.3d 1196, 1200 (10th Cir. 2002) (citing *Celotex*, 477 U.S. at 317). Prior to granting summary judgment, the Court must independently "examin[e] the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law." *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir.

2002); *see* Fed. R. Civ. P. 56 (a), (c), (e). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

## I.      Lack of Causation

Benchmark and Anadarko argue that summary judgment is appropriate because causation is a traditional element of tort liability and neither party controlled nor operated the horizontal wells at the time of the alleged damage. Doc. No. 16, pp. 6–7.

Causation is an element of causes of action for negligence, nuisance, and trespass. *See, e.g.*, *Dirickson v. Mings*, 910 P.2d 1015, 1019 (Okla. 1996) (causation is an element of a negligence claim); *Twyman v. GHK Corp.,* 93 P.3d 51, 54 n. 4 (Okla. Civ. App. 2004) (causation is an element of a nuisance claim); Restatement (Second) of Torts § 162 (1965) (causation is an element of a trespass claim). As the Defendants explain, a plaintiff must show "some reasonable connection between the act or omission of the defendant and the damage which the plaintiff has suffered." Doc. 16,  p. 5 (citing *West v. Chaparral Energy, LLC*, No. CIV-16-264-F, 2018 WL 8264627 at *4 (W.D. Okla. Aug. 13, 2018) (internal quotation marks and citations omitted)).

Anadarko and Benchmark offered evidence that neither entity controlled nor operated the horizontal wells allegedly causing Black Anvil's loss. First, in a signed declaration, Sung Choon Jo—Vice President of SK Nemaha—stated that "SK Nemaha owned and controlled the operation of the Horizontal Wells in mid-April 2019, the time Black Anvil alleges its alleged property damage took place." Doc. No. 16-1 ¶ 3. Second, Defendants offered an "Assignment and Bill of Sale" revealing that SK Nemaha transferred

3

its interest in the wells on October 1, 2020. Doc. No. 16-2. This interest transfer supports Defendants' contention that neither Anadarko nor Benchmark controlled or operated the horizontal wells at the time of Black Anvil's alleged loss.

Additionally, it is not clear from the text of the Petition that Black Anvil asserted negligence, nuisance, or trespass claims against Anadarko and/or Benchmark. After describing the allegedly damaged wells, the Petition alleges that *SK Nemaha* i) "operated the Offending Wells[,]" ii) "failed to use reasonable care in its frac of the Offending Wells[,]" iii) "caused [Black Anvil] inconvenience and annoyance[,]" iv) conducted a "taking of [Black Anvil's] property," and v) "acted in reckless disregard[.]" Doc. No. 1-1 ¶¶ 10–15. The Petition does not allege any party other than SK Nemaha caused Black Anvil's loss. Rather, the Petition's allegations against Benchmark and Anadarko arise from the subsequent transfer of the wells from SK Nemaha, which Black Anvil alleges may have been fraudulent. *Id.* ¶¶ 16–18.

Nonetheless, because Anadarko and Benchmark offered unrebutted evidence that neither party controlled nor operated the horizontal wells at issue, Black Anvil cannot establish causation as a matter of law. Accordingly, because causation is a necessary element of negligence, nuisance, and trespass claims, Anadarko and Benchmark are entitled to summary judgment on such claims.

## II.    Successor Liability

The Petition alleges that "Benchmark and/or [ ] Anadarko may be holding fraudulently transferred property vis-à-vis the former's Purchase and Sale Agreement dated January 7, 2021…". Doc. No. 1-1 ¶ 18. It appears Black Anvil included such allegations

4

to attempt to hold Anadarko and/or Benchmark liable under a theory of successor liability. In the summary judgment motion, however, Anadarko and Benchmark argue that neither party "assume[d] any liabilities of SK Nemaha [, …] consolidate[d] or merge[d] their corporate structure[s,]" nor conducted a fraudulent asset transfer. Doc. No. 16, pp. 6–7.

Generally, "where one company sells or otherwise transfers all its assets to another company, the latter is not liable for the debts and liabilities of the transferor." *Pulis v. United States Elec. Tool Co.*, 561 P.2d 68, 69 (Okla. 1977). An exception to this general rule arises when i) parties entered an agreement to assume debts and/or liabilities, ii) the purchaser and the seller merged or consolidated, iii) the transaction was fraudulent in fact, or iv) purchaser acted as a mere continuation of the selling entity. *Id.* (citing *Coline Oil Corporation v. State*, 88 P.2d 897 (Okla. 1939); *Burkholder v. Okmulgee Coal Co.*, 196 P. 679 (Okla. 1921); *Union Coal Co. v. Wooley*, 154 P. 62 (Okla. 1916)). Based on the text of the Petition, the only relevant exception is whether the transfer was "fraudulent in fact." *See Burkholder*, 196 P. at 680.

A transfer is not fraudulent in fact when the purchasing entity gives a fair and reasonable price for the property. *Id.* at 681. In *Burkholder*, the Oklahoma Supreme Court explained that "every conveyance of real estate made without a fair and valuable consideration[ ] or made in bad faith or for the purpose of hindering, delaying, or defrauding creditors, shall be void…". *Id.* at 680–81. However, after reviewing the evidence and finding that the "price paid [for the interest transferred] was fair and reasonable[,]" the *Burkholder* court affirmed the judgment of the trial court for the defendant—finding it was an "innocent purchaser." *Id.* at 681.

By failing to respond to Anadarko and Benchmark's motion, Black Anvil has not rebutted the evidence indicating Benchmark paid a fair and reasonable value for the wells at issue. In the signed declaration, SK Nemaha's Vice President stated that "Defendants paid substantial value consistent with the fair market value of the assets" and that the amount "paid for [the] assets far exceeds the reasonable value of Black Anvil's claims…". Doc. No. 16-1 ¶ 8. Further, Anadarko and Benchmark provided evidence that SK Nemaha expressly "agreed [Anadarko and/or Benchmark] would *not* assume any liability for the claims now asserted by Black Anvil." Doc. No. 16, p. 6 (emphasis in original). Such evidence sufficiently shifts the burden to Black Anvil, and because Black Anvil has not provided any evidence that the transfer was "fraudulent in fact," successor liability is inapplicable to Black Anvil's claims against Anadarko and Benchmark.

Additionally, insofar as Black Anvil alleges a claim under Oklahoma's Fraudulent Transfer Act, Okla. Stat. tit. 24 § 112 *et seq.*, Anadarko and Benchmark are entitled to summary judgment because the parties provided unrebutted evidence that the amount paid for the assets exceeds the value of Black Anvil's claims. *See In re Com. Fin. Servs., Inc.*, 350 B.R. 559, 577 (Bankr. N.D. Okla. 2005) ("[T]he central issue is whether the recovery the [ ] creditors could legitimately expect to realize from the asset received by the debtor is reasonably equivalent to the value of the asset transferred by the debtor.").

After examining Anadarko and Benchmark's submission, the Court finds the parties met their initial burden "demonstrating that no material issues of fact remain for trial" as to the claims against them. *See* Reed, 312 F.3d at 1195. Accordingly, Anadarko and

Benchmark's motion for summary judgment, Doc. No. 16, is hereby GRANTED IN ITS ENTIRETY.

**IT IS SO ORDERED** on this 20th day of August 2021.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE